UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED TELEPHONE COMPANY
OF OHIO d/b/a CENTURYLINK,**

    **Plaintiff,**

  v.

**AMERITECH SERVICES, INC.
d/b/a AT&T MIDWEST SERVICES,**
*et al.*,

    **Defendants.**

Case No. 2:10-cv-249

JUDGE GREGORY L. FROST

Magistrate Judge E.A. Preston
Deavers

**OPINION AND ORDER**

This matter is before the Court on Defendant Ameritech Services Inc.'s ("Ameritech Services") Motion to Dismiss Complaint (Doc. # 11), Plaintiff United Telephone Company of Ohio's Memorandum in Opposition to Defendant Ameritech Services' Motion to Dismiss (Doc. # 13), Defendant Ameritech Services' Reply in Support of Motion to Dismiss Complaint (Doc. # 16), Plaintiff United Telephone Company of Ohio's Supplemental Memorandum in Opposition to Defendant's Ameritech Services' Motion to Dismiss (Doc. # 23), and Defendant Ameritech Services' Supplemental Memorandum in Support of Motion to Dismiss Complaint (Doc. # 25). For the reasons that follow, the Court **DENIES** Defendant Ameritech Services' Motion to Dismiss.

**I.  Background**

On July 15, 1995, the State of Ohio Department of Administrative Services ("DAS") issued a Request for Proposal seeking a contractor to construct, operate, manage, and lease to the State a fiber-optic network to be known as the State of Ohio Multi-Agency Communications System ("SOMACS"). According to the Amended Complaint, Defendants and eighteen local

exchange companies—including Plaintiff and Ohio Bell—formed the Ohio Telephone Group ("OTG") to prepare a joint response to the Request for Proposal. Under a Teaming Agreement purportedly signed by Plaintiff, "OTG Team members [agreed to] serve as subcontractors to Ameritech (defined as Ameritech Custom Business Services, a division of [Defendant Ameritech Services], as agent and representative of [Ohio Bell] and [Defendant Global Services], hereinafter collectively referred to as 'Ameritech')." In turn, "Ameritech" would serve as the primary point of contact to DAS.

Plaintiff alleges that in early 1996, DAS awarded the SOMACS project to OTG and entered into an agreement known as the Synchronous Optical Network Infrastructure ("SONET") Contract with Defendants and Ohio Bell. In addition, Plaintiff states that around this time, Plaintiff, Defendants, and Ohio Bell entered into a Subcontractor Agreement to establish their respective rights and obligations regarding the SOMACS project. This case concerns the alleged breach of the Subcontractor Agreement by Defendants for failure to remit certain payments owed to Plaintiff under the contract.

Invoking the diversity jurisdiction of this Court, Plaintiff United Telephone Company of Ohio filed this action against Defendants Ameritech Services and SBC Global Services, Inc. ("SBC Global Services") for breach of contract.[1] The parties do not dispute that there is complete diversity between the named parties and that the amount in controversy has been satisfied. *See* 28 U.S.C. § 1332(a). However, Defendants move to dismiss for lack of subject matter jurisdiction claiming that the Court must also consider the citizenship of the Ohio Bell Telephone Company ("Ohio Bell") as a real defendant to the controversy. Taking into account Ohio Bell's citizenship

---

[1] Although Defendant Global Services did not enter into the contracts in question, it is the successor in interest to Ameritech Information Systems, Inc., which did. For ease of reference, the Court refers only to Defendant Global Services.

would destroy diversity because both Plaintiff and Ohio Bell are deemed citizens of Ohio under 28 U.S.C. § 1332(c)(1).

## II.  Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction.  Such motions "fall into two general categories: facial attacks and factual attacks."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  In considering a facial attack, a court must take the material allegations of the complaint as true and construe the complaint in the light most favorable to the nonmoving party.  *Id.*  However, in reviewing a factual attack, "no presumptive truthfulness applies" to the complaint's factual allegations.  *Id.*  Nevertheless, when "disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount proof which would, in effect, establish the validity of their claims and their right to the relief sought."  *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1215 (6th Cir. 1989) (citations and internal quotation marks omitted).

## III.  Discussion

Defendants move to dismiss for lack of subject matter jurisdiction alleging a lack of complete diversity of citizenship between Plaintiff and the real defendants to the controversy. The Constitution extends the judicial power to cases "between citizens of different States," and Congress has granted the district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  U.S. Const. art. III, § 2; 28 U.S.C. § 1332.  Courts have construed Section 1332 to require complete diversity "such that no plaintiff is a citizen of the

3

same state as any defendant." *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).  The Supreme Court has long "established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citing *McNutt v. Bland*, 2 How. 9, 15 (1844)).  "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Id.* at 461.

Defendants maintain that Ohio Bell is a real defendant to the controversy because Defendant Ameritech Services signed the Subcontractor Agreement as Ohio Bell's "agent and representative."  Therefore, Defendants argue, the Court must consider Ohio Bell's citizenship for purposes of diversity jurisdiction.  For support, Defendants cite several cases in which courts have ignored the citizenship of named nominal and formal parties and looked instead to the citizenship of unnamed real parties to the controversy.

For instance, in *Airlines Reporting Corp. v. S&N Travel, Inc.*, 58 F.3d 857 (2d Cir. 1995), the Second Circuit reviewed a case in which a collections agent sued a travel agency on behalf of several air carriers which had empowered the collections agent "to institute legal proceedings against any travel agent to collect funds owed to the carriers."  The collections agent then had a duty to remit any recovered payments to those carriers.  Finding that the collections agent was "a mere conduit for a remedy owing to others, advancing no specific interests of its own," the Second Circuit held that the collections agent was not a real party to the controversy.  *Id.* at 862.  Therefore, the court ignored its citizenship and instead considered the citizenship of each carrier for purposes of diversity jurisdiction.  *Id.  But see id.* at 861 (noting that the citizenship of the

collections agent would be considered "in those suits affecting the interests of the [agent] itself").

A similar situation arose in *Hilton Hotels Corp. v. Damornay Antiques, Inc.*, No. 99 Civ. 4883 (MBM), 1999 WL 959371 (S.D. N.Y. Oct. 20, 1999). In that case, a hotel owner granted a managing agent the authority to enter leases with respect to commercial and office space on the hotel's premises in its own name or in the name of the hotel owner. Seeking to terminate one of the leases it entered, the managing agent brought suit against a tenant in federal court. Citing *Airlines Reporting Corp.*, the district court observed that when "an agent acts on behalf of a principal, the principal, rather than the agent, has been held to be the real and substantial party to the controversy. As a result, it is the citizenship of the principal—not that of the agent—that controls for diversity purposes." *See also Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc.*, 149 F.3d 794 (8th Cir. 1998) (holding that "complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties must be ignored").

The Court acknowledges that it may consider the citizenship of an unnamed real party to a controversy if a nominal or formal party has sued or been sued. However, the Court knows of no authority which compels it to take into account the citizenship of an unnamed party instead of or in addition to a named real party to the controversy. In fact, the Supreme Court has advised the exact opposite result. If a "named party's interest is real, the fact that other interested parties are not joined 'will not affect the jurisdiction of the [federal courts].' " *Lincoln Prop. Co.*, 546 U.S. at 93 (quoting *Little v. Giles*, 118 U.S. 596, 603 (1886)). "Ordinarily, a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity." *Id.*

5

(quoting 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[2][c][iv] (3d ed. 2010). *See also Ingram v. Desa*, No. 08-1326, 2008 U.S. Dist. LEXIS 42834, *18–20 (E.D. Pa. May 30, 2008) (holding that although an unnamed party may have been a real party to the controversy, because the plaintiff's interest was "also real and not merely nominal," the unnamed party's citizenship would not be considered for purposes of diversity jurisdiction). *Cf. Rose v. Giamatti*, 721 F. Supp. 906 (S.D. Ohio 1989) (ignoring the citizenship of named nominal defendants, and focusing solely on the citizenship of a named real defendant to the controversy).

In the Amended Complaint, Plaintiff has alleged that Defendant Ameritech Services was a party to the Subcontractor Agreement and breached that Agreement. Therefore, if Plaintiff prevails, Defendant Ameritech Services would not be a "mere conduit" having no interest of its own at stake, but rather would be directly liable to Plaintiff. Likewise, it is unclear how Defendant Ameritech Services is acting as Ohio Bell's agent by being sued. There is also no indication that Plaintiff intends to recover ultimately from Ohio Bell. Thus, Defendant Ameritech Services is not merely a nominal or formal party, but rather is a real party to the controversy. Therefore, the Court will not consider the citizenship of Ohio Bell, but shall look only to the citizenship of Plaintiff and Defendants. As the Court deems Plaintiff a citizen of Ohio and Defendants each a citizen of Delaware and Illinois, there is complete diversity of citizenship.[2]

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Ameritech Services' Motion to

---

[2] In their Reply in Support of the Motion to Dismiss the Complaint, Defendants argue for the first time that if Defendant Ameritech Services is being sued in its individual capacity alone then Plaintiff has failed to state a claim upon which relief can be granted. However, a reply brief is not the proper place to raise an issue for the first time. *See Lexicon, Inc. v. Safeco Ins. Co. of America*, 436 F.3d 662, 676 (6th Cir. 2006).

Dismiss.  (Doc,. # 11.)

   **IT IS SO ORDERED.**

               <u>**/s/ Gregory L. Frost**</u>
               **GREGORY L. FROST**
               **UNITED STATES DISTRICT JUDGE**